**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CONTRACT LEASING CORP., <br><br> Plaintiff, <br><br> v. <br><br> RUN ROADLINES, INC. and MANPREET RANDHAWA, <br><br> Defendants. | Civil Action No. 25-15096 (JXN)(SDA) <br><br><br> **OPINION** |

**NEALS**, District Judge

Before the Court is Plaintiff Contract Leasing Corp.'s ("Plaintiff") motion for entry of default judgment pursuant to Federal Rule of Civil Procedure[1] 55(b)(2) against Defendants Run Roadlines, Inc. ("Run Roadlines") and Manpreet Randhawa ("Randhawa") (collectively, "Defendants"). (ECF No. 11.) The Court has carefully considered Plaintiff's submissions and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion for default judgment is **DENIED**.

## I.    BACKGROUND

### A.    Statement of Facts

This case arises from an alleged breach of contract. Plaintiff is a corporation formed and headquartered in New Jersey. (*See* Dunleavy Cert. ¶ 22, ECF No. 11-2.) Run Roadlines is a corporation formed and headquartered in California. (*Id.* ¶ 24; Statement of Corp. Info., ECF No. 11-6.) Randhawa is a California resident. (Dunleavy Cert. ¶ 23.) Randhawa is the sole officer, director, and agent of Run Roadlines. (Statement of Corp. Info.)

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Plaintiff claims it entered a Master Lease Agreement ("MLA") with Run Roadlines in 2024. (*See* Compl. ¶ 12, ECF No. 1; *see also* MLA, ECF No. 11-3.) Under the MLA, Plaintiff agreed to lease ninety-three commercial trailers to Run Roadlines at $295 per month for a minimum of one year. (*Id.*) The MLA provided that Run Roadlines would default if it failed to make a lease payment. (*Id.* ¶ 14.) And, if Run Roadlines defaulted, the MLA entitled Plaintiff to repossess the leased trailers, seek damages, and recover costs and fees. (*Id.* ¶ 15.) Randhawa executed the MLA on behalf of Run Roadlines. (*Id.* ¶ 13.)

Plaintiff claims that Run Roadlines failed to pay the lease on the trailers. (*Id.* ¶ 17.) Plaintiff asserts Defendants owe $302,266.10 in lease payments, "plus additional late fees, unpaid tolls, unpaid taxes, repossession fees and charges, and repair charges to be incurred." (*Id.* ¶ 18.) And, according to Plaintiff, it has recovered only sixty-eight of the ninety-three trailers; twenty-five remain unaccounted for. (*Id.* ¶ 35.)

### B.       Procedural History

Plaintiff sued Defendants in this Court on August 29, 2025. (*See generally id.*) The Complaint includes claims for breach of contract against Run Roadlines, corporate veil piercing against Randhawa, unjust enrichment against both Defendants, and replevin. (*Id.* ¶¶ 16–35.)

Defendants failed to appear or respond. Accordingly, Plaintiff sought and obtained Clerk's entry of default on October 10, 2025. (*See* Letter Order, ECF No. 9.) And on January 28, 2026, Plaintiff moved for default judgment. (*See* Mot. for Default J., ECF No. 11.)

## II.      LEGAL STANDARD

Rule 55(b)(2) authorizes the Court to enter default judgment against a party who fails to plead or otherwise defend claims asserted against it. Entering default judgment is "left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Yet, because default judgment precludes a ruling on the merits, it is a disfavored remedy. *Id.* at 1181.

Before entering default judgment, the Court must find: (1) "it has jurisdiction both over the subject matter and parties"; (2) Defendants "have been properly served"; (3) the complaint "sufficiently pleads a cause of action"; and (4) "the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Then, the Court must consider: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

In ruling on a default judgment motion, the Court "must accept as true every 'well-pled' factual allegation of the complaint." *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). "A court need not, however, accept the plaintiff's legal conclusions, nor the plaintiff's assertions concerning damages." *Id.*

## III. <u>DISCUSSION</u>

### A. The Threshold Factors

#### i. *Subject Matter Jurisdiction*

Plaintiff asserts the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), which allows the Court to hear civil actions between citizens of different states where the amount in controversy exceeds $75,000. An individual is a citizen of the state where they live. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing 28 U.S.C. § 1332(c)). A corporation is a citizen of both (1) the state in which it is incorporated and (2) the state where it

has its principal place of business. *Id.* If the amount in controversy is alleged in good faith, the Court accepts it unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). The party invoking the federal jurisdiction bears the burden of establishing that it exists. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).

Plaintiff claims (1) it was incorporated and principally does business in New Jersey; (2) Run Roadlines was incorporated and principally does business in California; and (3) Randhawa lives in California. Accordingly, the parties are completely diverse. And Plaintiff alleges the amount in controversy far exceeds $75,000. The Court, therefore, concludes it has subject matter jurisdiction over the action.

### ii.    *Personal Jurisdiction*

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004); *see also* Fed. R. Civ. P. 4(k)(1)(A). New Jersey law, in turn, "provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.*

Personal jurisdiction under the Fourteenth Amendment may be general or specific. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). General jurisdiction exists when a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). Specific jurisdiction exists when a defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those

4

activities." *Miller Yacht Sales*, 384 F.3d at 96 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

### a.    Run Roadlines Consented to Personal Jurisdiction

Parties can also consent to personal jurisdiction. *See Burger King Corp.*, 471 U.S. at 472 n.14; *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 138 (2023). Personal jurisdiction is a legal right a party may bargain away "where that party perceives the bargain as advantageous." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 374 (D.N.J. 2000). A defendant may give "express or implied consent to the personal jurisdiction of the court" through a "variety of legal arrangements." *Burger King Corp.*, 471 U.S. at 472 n.14 (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)). "[P]articularly in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction." *Id.* (citing *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964)). "[C]ontractual consent to personal jurisdiction should be enforced unless it would be unreasonable or unjust to do so." *Park Inn Int'l*, 105 F. Supp. 2d at 373 (citing *Burger King Corp.*, 471 U.S. at 472 n.14). Courts will invalidate a forum selection clause "only if it was the product of fraud or overreaching, if the agreed forum is so inconvenient as to deprive the litigant of his day in court, or where enforcement would contravene a strong public policy of the forum in which the suit is brought." *Id.* (quoting *The M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)).

Here, the MSA has a forum selection clause stating:

> [Run Roadlines] and [Plaintiff] each hereby submit to the jurisdiction of the state and federal courts sitting in Middlesex County, New Jersey for the purposes of adjudicating any action arising out of or related to the lease and hereby waive, to the fullest extent permitted by applicable law, any objection to that venue for any action arising out of or related to the [MLA].

(Agreement § 31.) Plaintiff's claims unquestionably arise out of the MLA—specifically, the breach thereof and the failure to return the leased trailers. New Jersey's courts are not "so inconvenient" as to deprive Run Roadlines of its day in court. Indeed, Run Roadlines, a California corporation, *agreed* to litigate matters here. Nor is there any evidence in this record of fraud or overreach. Run Roadlines, accordingly, consented to personal jurisdiction in New Jersey.

### b.    Randhawa Also Consented to Personal Jurisdiction

Plaintiff and Run Roadlines were parties to the MLA. Randhawa was not. Yet "even if defendants are not parties to the agreement or third-party beneficiaries of it, they may be bound by the forum selection clause if they are closely related to the agreement in such a way that it would be foreseeable that they would be bound." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 219 (3d Cir. 2015). "In determining whether a non-signatory is closely related to a contract, courts consider the non-signatory's ownership of the signatory, its involvement in the negotiations, the relationship between the two parties and whether the non-signatory received a direct benefit from the agreement." *Id.*

Here, Randhawa is closely related to Run Roadlines. Randhawa is Run Roadlines' only corporate officer, director, and agent. (*See* Statement of Corp. Info.) And Randhawa is the only person who signed the MLA on behalf of Run Roadlines. (*See* MLA at 13.) Randhawa, accordingly, is subject to the MLA's forum selection clause. *See Infinity Staffing Sols., LLC v. Greenlee*, No. 18-12626, 2019 WL 1233554, at *6 (D.N.J. Mar. 18, 2019) (finding "that a member of an LLC, who signed on behalf of the entity, is subject to personal jurisdiction based on a forum selection clause."); *Foley & Lewis Racing, Inc. v. Burling*, No. 07-972, 2008 WL 544655, at *3 (D.N.J. Feb. 27, 2008) ("Because Defendant is the CEO of Erie, signed the agreement in that capacity, and derived benefit from the Agreement, he is closely related to Erie and has standing to

6

enforce the forum selection clause.") And the forum selection clause applies to Plaintiff's claim against Randhawa. Plaintiff seeks to pierce Run Roadlines' corporate veil and hold Randhawa liable for Run Roadlines' breach of the MLA. Because the forum selection clause applies to Plaintiff's claims for breach, it applies with equal force to Plaintiff's veil piercing claims. Just as Run Roadlines consented to personal jurisdiction through the MLA's forum selection clause, so did Randhawa. The Court, therefore, concludes it has personal jurisdiction over Randhawa.

### iii.    Service

#### a.    Plaintiff Properly Served Randhawa

Rule 4(e) provides an individual may be served by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2)  doing any of the following:
    (A) delivering a copy of the summons and of the complaint to the individual personally;
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Here, Plaintiff left a copy of the summons and complaint at Randhawa's house with his mother, who was residing there. (*See* Randhawa Proof of Service, ECF No. 6.) The Court readily concludes Plaintiff properly served Randhawa.

#### b.    Plaintiff Failed to Properly Serve Run Roadlines

Rule 4(h) provides a corporation may be served (1) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"; or (2) by serving the corporation according

to the law New Jersey, the state "where the district court is located," or California, the state "where service is made." *See* Fed. R. Civ. P. 4(e)(1), (h).

Here, Plaintiff purportedly served Run Roadlines by leaving a copy of the summons and complaint to Randhawa's mother. The Court considers whether service on Run Roadlines was proper under the federal, New Jersey, or California Rules.

### 1.     Service Did Not Comply with The Federal Rules

Under Rule 4(h), Plaintiff may serve Run Roadlines by delivering "a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). While Plaintiff served Randhawa's mother, Plaintiff has not satisfied its burden of showing Randhawa's mother was an officer, managing agent, general agent, or agent authorized by law or appointment to receive service of process for Run Roadlines. Fed. R. Civ. P. 4(h)(1)(B). *Trs. of Sheet Metal v. Cinnaminson Mech. Contractors, Inc.*, No. 22-6068, 2024 WL 397734, at *2–3 (D.N.J. Feb. 2, 2024) (finding service on registered agent's wife at registered agent's home improper under Rule 4(h)(1)(B)); *Knights Franchise Sys., Inc. v. Sairam, Inc.*, No. 17-932, 2017 WL 4074023, at *3 n.6 (D.N.J. Sept. 14, 2017) (noting the same). The process server's bare assertion that Randhawa's mother was an authorized agent does not suffice; Plaintiff must show "that the agent was actually appointed by the defendant for the specific purpose of receiving process." *Trs. of Sheet Metal*, 2024 WL 397734, at *2 (quoting *West v. Am. Honda Motor Co.*, No. 08-700, 2008 WL 4104683, at *4 (D.N.J. Aug. 28, 2008)). "Mere acceptance is not enough to demonstrate an agency relationship for purpose of service of process." *West*, 2008 WL 4104683, at *4.

8

Because Plaintiff delivered Run Roadlines' process with Randhawa's mother but failed to show Randhawa's mother was an officer or authorized agent for Run Roadlines, service on Run Roadlines did not comply with Rule 4(h).

2.      *Service Did Not Comply With New Jersey's Rules*

New Jersey Court Rule 4:4–4(a)(6) provides a party may serve a corporation:

> by serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties, provided, however, that a foreign corporation may be served only as herein prescribed subject to due process of law.

New Jersey Court Rule 4:4–4(a)(1), in turn, provides an individual may be served:

> by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf.

The Court concludes Plaintiff failed to properly serve Run Roadlines under New Jersey's court rules. New Jersey Court Rule 4:4–4(a)(6) allows service on an officer, director, or agent of a corporation; it does not permit service on a non-agent who resides at an agent's home. *See Trs. of Sheet Metal*, 2024 WL 397734, at *3–4. Plaintiff has not shown Randhawa's mother was an officer, director, or agent. Thus, leaving the process with Randhawa's mother did not effectuate proper service on Run Roadlines.

New Jersey Court Rule 4:4-4(a)(6) also permits service on a non-agent employee who is "so integrated with the organization that he will know what to do with the papers and that he or she should stand in a position as to render it fair, reasonable and just to imply the authority to

9

receive service." *O'Connor v. Altus*, 67 N.J. 106, 128 (1975). But Plaintiff has not alleged Randhawa's mother was an integrated non-agent employee of Run Roadlines.

Because Plaintiff has not demonstrated Randhawa's mother was an officer, director, agent, or integrated non-agent employee, Plaintiff failed to properly serve Run Roadlines under New Jersey law.

### 3.    Service Did Not Comply with California's Rules

In California, a corporation may be served by delivering a copy of the complaint and summons to:

(a) To the person designated as agent for service of process as provided by [California law]; [or]

(b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

Cal. Civ. Proc. Code § 416.10. And, in lieu of serving a corporation under § 416.10,

a summons may be served by leaving a copy of the summons and complaint during usual office hours in the person's office or, if no physical address is known, at the person's usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20.

Here, Plaintiff failed to show Randhawa's mother was (a) designated as service agent by California law or (b) Run Roadlines' president, chief executive, other head of the corporation, vice president, secretary or assistant secretary, treasurer or assistant treasurer, controller or chief financial officer, general manager, or authorized agent. Cal. Civ. Proc. Code § 416.10. *See also Dill v. Berquist Constr. Co.*, 24 Cal. App. 4th 1426, 1442 (1994) (concluding plaintiff failed to show proper service where "proofs of service" did not show service directed to "any of the

10

permissible persons to be served enumerated by section 416.10."). Moreover, leaving the summons and complaint with Randhawa's mother proper did not comply with § 415.20, because Plaintiff did not mail a copy of the summons and complaint to Randhawa.

Plaintiff, accordingly, has failed to demonstrate that it properly served Run Roadlines under the Federal, New Jersey, or California rules. Therefore, Plaintiff's motion for default judgment is **denied** *without prejudice* as to Run Roadlines. Plaintiff shall be granted leave to properly re-serve Run Roadlines within ninety days.

### iv.    *Plaintiff Fails to State Claims Against Randhawa*

Because Plaintiff properly served Randhawa, the Court turns to the claims against him. "Before awarding a default judgement, the Court must determine whether the moving party's complaint establishes a legitimate cause of action." *Chanel, Inc.*, 558 F. Supp. 2d at 537. The Court "should accept as true the well-pleaded factual allegations of the complaint, but need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages." *Newman v. Axiom Worldwide*, No. 06-5564, 2010 WL 2265227, at *2 (D.N.J. June 2, 2010) (citing *Comdyne I*, 908 F.2d at 1149).

The Third Circuit applies a three-step framework in evaluating the sufficiency of a complaint. First, the Court identifies "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the Court accepts all plaintiff's well-pleaded factual allegations as true and "construe[s] the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). But the Court disregards "legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). Third, the Court considers "whether the facts

11

alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"

*Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

### a.    Corporate Veil Piercing

Plaintiff seeks to pierce the corporate veil and hold Randhawa personally liable for Run Roadlines' breach of the MLA. (*See* Compl. ¶¶ 19–26.)

At the threshold, the Court must decide which state's law governs Plaintiff's veil piercing claim. *See Antico v. RAM Payment, L.L.C.*, No. 20-12130, 2022 WL 971724, at *4 (D.N.J. Mar. 31, 2022) (observing that veil piercing is a state law claim and engaging in conflict of laws analysis). In so deciding, the Court uses New Jersey's conflict of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). "New Jersey law directs courts to look to the target entity's state of incorporation, or conduct the flexible 'governmental interest analysis,' applying the law of the state 'that has the most significant connections with the parties and the transaction.'" *Antico*, 2022 WL 971724, at *4 (quoting *Las Vegas Sands Corp. v. Ace Gaming, LLC*, 713 F. Supp. 2d 427, 443 (D.N.J. 2010)).

The Court must first "determine whether there is an actual conflict between the laws of the states involved." *Id.* There is not. New Jersey and California use the same veil piercing test. *Compare Linus Holding Corp. v. Mark Line Indus., LLC*, 376 F. Supp. 3d 417, 425 (D.N.J. 2019) (finding that, to pierce the corporate veil under New Jersey law, the plaintiff must show (1) "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist"; and (2) "the circumstances must indicate that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice."), *with Automotriz Del Golfo De Cal. S. A. De C. V. v. Resnick*, 47 Cal. 2d 792, 796 (1957) (holding that, to pierce the corporate veil under California law, the plaintiff must show "(1) that there be such unity of interest and

12

ownership that the separate personalities of the corporation and the individual no longer exist"; and (2) "that, if the acts are treated as those of the corporation alone, an inequitable result will follow."). The success of Plaintiff's claim does not depend on the difference between New Jersey and California law. Therefore, New Jersey law governs Plaintiff's veil piercing claim. *Linus Holding Corp.*, 376 F. Supp. 3d at 424.

It is a fundamental principle of New Jersey law that "a corporation is a separate entity from its shareholders." *State, Dep't of Env't Prot. v. Ventron Corp.*, 94 N.J. 473, 500 (1983). In other words, the "liability of [a corporation], a separate legal entity, is not [a shareholder's] liability." *Richard A. Pulaski Constr. Co. v. Air Frame Hangars, Inc.*, 195 N.J. 457, 472 (2008). Courts will disregard a corporation's separate legal form only where it is "being used to defeat the ends of justice, to perpetrate fraud, to accomplish a crime, or otherwise to evade the law." *Ventron Corp.*, 94 N.J. at 500. "[T]he party seeking an exception to the fundamental principle that a corporation is a separate entity from its principal bears the burden of proving that the court should disregard the corporate entity." *Tung v. Briant Park Homes, Inc.*, 287 N.J. Super. 232, 240 (App. Div. 1996).

To pierce the corporate veil, the plaintiff must sufficiently allege (1) "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist"; and (2) the circumstances "indicate that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Linus Holding Corp*, 376 F. Supp. 3d at 425 (citation omitted). To show a unity of interest between the corporation and its shareholder, courts consider factors such as:

> [1] gross undercapitalization . . . ; [2] the failure to observe corporate formalities, non-payment of dividends, [3] the insolvency of the debtor corporation at the time, [4] siphoning of funds of the corporation by the dominant stockholder, [5] non-functioning of other officers or directors, absence of corporate records, and [6] the fact that the corporation is merely a facade for the operations of the dominant stockholder or stockholders.

13

*Id.* (alterations in original) (quoting *Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 150 (3d Cir. 1988)). As for the second element, the question is not whether a shareholder committed fraud or injustice, but rather, whether a shareholder *used* the corporation's form to do so. *Id.*

Plaintiff has not adequately stated a veil piercing claim. Plaintiff merely asserts it believes that "Randhawa abused the corporate form to advance his personal interests"; that Run Roadlines "failed to observe corporate formalities and failed to maintain corporate records"; and that Run Roadlines "is insolvent, as several lawsuits have been filed against [Defendants] for non-payment of Defendants' corporate debts." (*See* Compl. ¶¶ 22–24.) These allegations, however, simply restate the elements of a veil piercing cause of action with "mere conclusory statements." *Davis*, 824 F.3d at 341. Plaintiff does not explain *how* Randhawa abused Run Roadlines' corporate form, *how* Randhawa used Run Roadlines to advance his personal interests, *how* Randhawa disregarded Run Roadlines' corporate formalities, *what* corporate formalities Randhawa ignored, or *which* records Randhawa purportedly failed to keep. "Courts in this District have routinely dismissed veil-piercing claims which, like this one, were devoid of supporting factual allegations." *IDT Domestic Telecom, Inc. v. Dollar Phone Corp.*, No. 21-7450, 2022 WL 1058381, at *4 (D.N.J. Apr. 7, 2022) (collecting cases).

Plaintiff claims Run Roadlines is insolvent, but insolvency alone is unexceptional. "Companies commonly become insolvent, then bankrupt; piercing the corporate veil is an exception reserved for extreme situations, rather than the rule." *Trs. of Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*, 332 F.3d 188, 197 (3d Cir. 2003). Besides Run Roadlines' insolvency, Plaintiff has failed to adequately allege an "extreme" enough situation for the Court to disregard Run Roadlines' corporate form and impose liability directly on Randhawa. Therefore, Plaintiff fails to state a veil-piercing claim upon which relief may be granted.

14

### b.      Unjust Enrichment

The Complaint also includes a claim for unjust enrichment against both defendants. Even if Plaintiff had succeeded in piercing the corporate veil, Plaintiff's unjust enrichment claim fails as to Randhawa.[2]

Unjust enrichment "rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." *Goldsmith v. Camden Cnty. Surrogate's Off.*, 408 N.J. Super. 376, 382 (App. Div. 2009).[3] It is a theory of quasi-contractual liability. *Id.* But an "express contract excludes an implied one." *Moser v. Milner Hotels*, 6 N.J. 278, 280 (1951). Therefore, under New Jersey law, quasi-contractual liability cannot arise "if an express contract exists concerning the identical matter." *Zydus Worldwide DMCC v. Teva API Inc.*, 461 F. Supp. 3d 119, 140–41 (D.N.J. 2020) (quoting *Freightmaster USA, LLC v. Fedex, Inc.*, No. 14-3229, 2015 WL 1472665, at *6 (D.N.J. Mar. 31, 2015)). Here, Plaintiff's unjust enrichment claim seeks to recover for Defendants' uncompensated use and retention of Plaintiff's trailers. (*See* Compl. ¶¶ 28–31.) But the MLA, an express contract, concerns Plaintiff's trailers. The MLA, therefore, excludes Plaintiff's unjust enrichment claim. So, Plaintiff's unjust enrichment claim fails as a matter of law.

---

[2] Because the Court has afforded Plaintiff more time to properly serve Run Roadlines, the Court reserves judgment as to whether Plaintiff states an unjust enrichment claim against Run Roadlines.

[3] As before, the Court applies New Jersey law to Plaintiff's unjust enrichment claim because it is identical to California law. *Compare VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994) ("To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust."), *with Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51 (1996) (unjust enrichment involves an individual who "receives a benefit at another's expense" and "it is unjust for him to retain it."). Likewise, under both New Jersey and California law, an express contract precludes an unjust enrichment claim. *See N.Y.-Conn. Dev. Corp. v. Blinds-To-Go (U.S.) Inc.*, 449 N.J. Super. 542, 556 (App. Div. 2017) ("An implied contract cannot exist when there is an existing express contract about the identical subject." (citation omitted)), *with Berlanga v. Univ. of S.F.*, 100 Cal. App. 5th 75, 89 (Cal. Ct. App. 2024) ("A cause of action for quasi-contract 'cannot lie where there exists between the parties a valid express contract covering the same subject matter.'" (citation omitted)).

Because Plaintiff failed to properly serve Run Roadlines and does not state a claim against Randhawa, the motion for default judgment is **denied**.

## B. Plaintiff's Options

The Court notes that, unlike Plaintiff's unjust enrichment claim, the defect in Plaintiff's veil piercing cause of action could be resolved with additional well-pled factual allegations. In other words, amendment would not be futile—at least as to Plaintiff's veil piercing claim. And the Court detects no prejudice in granting Plaintiff leave to amend.

In the interests of resolving this dispute on its merits and efficient case management, the Court will give Plaintiff two options to proceed:

First, Plaintiff can stand on the complaint and proceed with the claims against Run Roadlines only. If so, the Court shall grant Plaintiff ninety days to properly serve Run Roadlines and ninety-five days to file proof of service on the docket.

Second, Plaintiff can file an amended complaint addressing the deficiencies identified herein. If so, the Court shall grant Plaintiff thirty days to file an amended complaint. Plaintiff must then serve an amended pleading consistent with Rule 4.

Plaintiff shall inform the Court of its choice within fourteen days. If Plaintiff fails to do so, the matter shall proceed in accordance Plaintiff's first option, with the claims against Run Roadlines only, and the time periods specified therein. Should Plaintiff fail to timely file proof of service, the Court may dismiss the motion for default judgment with prejudice.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for default judgment (ECF No. 11) is **DENIED**. Within fourteen (14) days, Plaintiff shall inform the Court of its choice to: (a) stand on the Complaint and proceed against Run Roadways only; or (b) amend the Complaint. If Plaintiff

fails to do so, the matter shall proceed in accordance Plaintiff's first option. An appropriate Order accompanies this Opinion.

**DATED: 7/16/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**